DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
DANIEL I. AQUINO, ESQ.
Nevada Bar No. 12682
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
joshua.sliker@jacksonlewis.com
daniel.aquino@jacksonlewis.com

*Attorneys for Defendants*
*Wynn Las Vegas, LLC and Wynn Resorts, Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENNA SCHRADER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN ALAN WYNN; an individual; MAURICE WOODEN, an individual, WYNN LAS VEGAS, LLC dba WYNN LAS VEGAS a Nevada Limited Liability, WYNN RESORTS, LTD, a Nevada Limited Liability Company; and DOES 1-20, inclusive; ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02159-JCM-BNW<br><br>**STIPULATION AND PROPOSED ORDER TO VACATE EARLY NEUTRAL EVALUATION SESSION** |

IT IS HEREBY STIPULATED by and between Plaintiff Brenna Schrader ("Plaintiff"), through her counsel Richard Harris Law Firm, and Defendants Wynn Las Vegas, LLC ("WLV") and Wynn Resorts, Ltd. ("WRL"), through their counsel Jackson Lewis P.C., Defendant Stephen Alan Wynn ("Mr. Wynn"), through his counsel Peterson Baker, PLLC, and Defendant Maurice Wooden (Mr. Wooden"), by and through his counsel Kennedy & Couvillier (collectively,

"Defendants"), that the Early Neutral Evaluation ("ENE") Session scheduled for March 4, 2020 at 9:30 a.m. before Magistrate Judge Daniel J. Albregts be vacated.

This Stipulation is submitted and based upon the following:

1. On September 26, 2019, Plaintiff filed a "Class Action Complaint" in Nevada state court alleging six causes of action: (1) Discrimination in violation of Title VII and NRS 608.017 (sex-based wage discrimination); (2) Forced Labor in violation of 18 U.S.C. § 1589; (3) Violations of Racketeer Influenced and Corrupt Organizations (RICO) 18 U.S.C. §§ 1962(b), (c), and (d); (4) Intentional Infliction of Emotional Distress; (5) Conspiracy; and (6) Violations of the Fair Labor Standards Act, 29 U.S.C. § 206. ECF No. 1-1.

2. Plaintiff alleges that she was forced to engage in sexual conduct with Defendant Stephen A. Wynn, the former Chief Executive Officer and Chairman of Defendant WRL, from 2012 until 2016. ECF No. 1-1, ¶¶ 69-81. Plaintiff similarly alleges that female employees were subjected to sexual harassment, and that they were unable to complain to Defendants about the conduct because of a "sexual prisonlike atmosphere" that prevented "female employees from leaving, reporting or taking part in investigations." *Id.* at ¶ 92. Plaintiff's complaint also alleges that defendants Maurice Wooden, the former President of Defendant WLV, and Mr. Wynn engaged in a conspiracy to conceal Mr. Wynn's alleged misconduct. *Id.* at ¶ 155. Plaintiff's complaint also alleges that employees ("spa masseuses") were forced to work off-the-clock without compensation. *Id.* at ¶¶ 159-166.

3. In the Complaint, Plaintiff is seeking to represent and recover on behalf of the following six subclasses:

> a) All current and former female employees of Defendants in the State of Nevada, who were and are subjected severe and pervasive sexual discrimination as a result of Defendants' failure to investigate and their active coverup of allegations of sexual misconduct.
>
> b) All current and former female employees of Defendants in the State of Nevada, who were and are subjected to a sexually hostile work environment as a result of Defendants' failure to prevent discrimination based upon sex (female).
>
> c) All current and former female employees employed by Defendants in the State of Nevada who were harmed or forced into servitude by

>
> Defendants' failures to investigate and enforce policies of discrimination.
>
> d) All current and former female employees employed by Defendants in the State of Nevada who were harmed in their business and property as a result of Defendants' racketeering activity.
>
> e) All current and former spa masseuses are forced to work off-the-clock in violation of minimum wage laws.

ECF No. 1-1, ¶ 8.

4. Defendants WRL and WLV removed this case to this Court on December 16, 2019. ECF No. 1. Several days later, on December 19th, this Court issued an order scheduling an ENE for March 4, 2020. ECF No. 6.

5. Mr. Wynn filed a Notice of Appearance and consent to removal on January 2, 2020. ECF No. 9. Mr. Wooden filed a Notice of Appearance and Consent to Removal on January 15, 2020. ECF No. 13.

6. Subsequently, the Parties stipulated to extend the deadline for all Defendants to respond to the Complaint to February 26, 2020, and stipulated that the proposed discovery plan and scheduling order would be submitted by March 4, 2020. ECF Nos. 20 and 21. The Court granted the Parties' Stipulation on January 30, 2020. ECF No. 24.

7. The Parties recognize that the ENE process is designed for the evaluating magistrate judge to provide a candid evaluation of the merits of the claims and defenses. LR 16-6(a). However, not every case is appropriate for the ENE process.

8. In this case, the preliminary stage of the proceedings is a significant hurdle to meaningful participation in the ENE. Defendants' responses to Plaintiffs' Complaint are due on or before February 26, 2020, and to date, no Defendant has filed an answer or other response to the Complaint. However, Defendants anticipate filing motions to dismiss pursuant to FRCP 12 to challenge a number of legal and factual deficiencies in Plaintiff's Complaint, including whether Plaintiff's claims are timely and whether some claims can be asserted at all based on the facts alleged. These are threshold issues which must be decided for the Parties to know what claims are at issue in this case, if any, and thus, which claims will be germane to settlement discussions.

9. Further, the Parties have exchanged no discovery or other information to enable them to adequately assess the merits of Plaintiff Schrader's or the putative classes' claims and thus, whether settlement is warranted. Indeed, this lack of information prevents the Parties from being able to settle this putative class action case even if a resolution were to be reached at the ENE.

10. Rule 23(e)(2) of the Federal Rules of Civil Procedure requires a court to determine whether a proposed settlement is fair, reasonable, and adequate. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Id*. To determine whether a settlement agreement meets these standards, the court must consider a number of factors, including: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)) (the "Churchill factors") (emphasis added).[1]

11. Here, due to the lack of information, the Parties cannot themselves analyze nor provide sufficient information to the Court regarding the strength of Plaintiff's case, the risk of maintaining class action status through trial (should the case even get that far), or the reaction of class members to the proposed settlement. Further, any evaluation of the fifth factor—the extent of discovery completed and the stage of the proceedings—would necessarily weigh against settlement because the case has not yet progressed beyond the filing of the Complaint. Even if the

---

[1] In addition to the above factors, where "a settlement agreement is negotiated prior to formal class certification," the Court must also ensure that, "the settlement is not the product of collusion among the negotiating parties." *Bluetooth*, 654 F.3d at 946-47. Such signs of collusion include: (1) "when counsel receive a disproportionate distribution of the settlement;" (2) when the parties negotiate an arrangement under which defendants agree not to oppose an attorneys' fee award up to a certain amount, which is independent from the class's actual recovery, as such an arrangement carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class;" and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* at 947 (the "Bluetooth factors").

Parties were to exchange information or discovery at this stage, the Parties are not aware of any information that currently exists that would enable them to readily determine the potential size of the subclasses (which necessarily involves making some determination about whether the potential class members suffered any of the alleged harms).  Unlike a traditional wage and hour class action where, for example, the parties can easily analyze electronic time clock records to determine whether employees have been paid for all time recorded therein, there is no database here that shows whether female employees were sexually harassed or allegedly forced to engage in sexual acts by a former executive, or whether they worked off the clock, or any of the other claims Plaintiffs are asserting in this case.

12.   Based on the foregoing, the Parties cannot, at this juncture, engage in a meaningful ENE on March 4, 2020.  There are numerous threshold legal and factual issues ripe for decision that will likely affect the viability and value of this case.  Moreover, there is simply too much critical information that is currently unknown regarding the potential putative class members and their claims, which will need to be developed through extensive discovery (assuming the claims are not dismissed on motions to dismiss).  Thus, to conserve the time and resources of the Court and the Parties, the Parties seek to vacate the ENE scheduled for March 4, 2020.

13.   If this case shall proceed after decision of Defendants' respective motions to dismiss, the Parties can submit an appropriate stipulation if they believe an ENE will assist resolution of the case.

14.   This request is made in good faith and not for the purpose of delay.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     15. Nothing in this Stipulation, nor the fact of entering to the same, shall be construed as waiving any claim and/or defense held by any party.

Dated this 19th day of February, 2020.

| RICHARD HARRIS LAW FIRM | JACKSON LEWIS P.C. |
|---|---|
| */s/ Burke Huber* | */s/ Deverie J. Christensen* |
| Richard Harris, Bar No. 505<br>Benjamin Cloward, Bar No. 11087<br>Burke Huber, Bar No. 10902<br>801 S. Fourth Street<br>Henderson, Nevada 89101 | Deverie J. Christensen, Bar No. 6596<br>Joshua A. Sliker, Bar No. 12493<br>Daniel Aquino, Bar No. 12682<br>300 S. Fourth Street, Ste. 900<br>Las Vegas, Nevada 89101 |
| *Attorney for Plaintiff*<br>*Brenna Schrader* | *Attorneys for Defendants Wynn Las Vegas,*<br>*LLC and Wynn Resorts, Ltd.* |
| KENNEDY & COUVILLIER | PETERSON BAKER, PLLC |
| */s/ Maximiliano Couvillier* | */s/ Tamara Beatty Peterson* |
| Maximiliano D. Couvillier, Bar No. 7661<br>3271 E. Warm Springs Road<br>Las Vegas, Nevada 89120 | Tamara Beatty Peterson, Bar No. 5218<br>701 S. 7th Street<br>Las Vegas, Nevada 89101 |
| *Attorney for Defendant*<br>*Maurice Wooden* | *Attorney for Defendant*<br>*Stephen Alan Wynn* |

## **ORDER**

IT IS SO ORDERED:

_____
Hon. Daniel J. Albregts
United States Magistrate Judge

Dated: February 20, 2020

4841-4249-9765, v. 3