1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Brenna Schrader,

                Plaintiff,

    v.

Wynn Las Vegas, LLC, et al.,

                Defendants.

Case No. 2:19-cv-02159-JCM-BNW

**ORDER**

14
15
16
17
18
19

      Before the Court are two motions to stay discovery. Defendant Alan Wynn filed a motion to stay discovery. ECF No. 101. Defendant Maurice Wooden joined this motion. ECF No. 102. Plaintiff opposed the motion (ECF No. 124), and Mr. Wynn replied (ECF No. 135). Defendants Wynn Resorts, Limited (WRL) and Wynn Las Vegas, LLC (WLV) (collectively, the "entity defendants") also filed a motion to stay discovery. ECF No. 106. Plaintiff opposed the motion (ECF No. 124), and the entity defendants replied (ECF No. 132).

20
**I.     Background**

21
22
23
24
25
26
27
28

      This is a putative class action in which Plaintiff seeks to represent nine subclasses of plaintiffs. ECF No. 90. Plaintiff generally alleges as follows: Defendants engaged in decades of sexual misconduct at WLV and WR and covered up this conduct. Many current and former female employees, including Plaintiff, were sexually harassed, sexually assaulted, and forced into sexual servitude. More specifically, Plaintiff alleges that she and others were forced to perform sex acts on Mr. Wynn and VIP clients at WR and WLV. This, and other conduct, created a hostile work environment. It also had the effect of denying these female employees the same terms and conditions of employment as male employees.

1         As a result of this conduct, Plaintiff filed suit. ECF No. 1-1. Defendants moved to dismiss.

2   ECF Nos. 35, 36, 39. Defendants simultaneously sought to stay discovery, which Plaintiff did not

3   oppose. ECF No. 38, 40, 42, 56. Accordingly, this Court granted Defendants' motion and stayed

4   discovery. ECF No. 57. The Court ordered the parties to file a scheduling order within 14 days

5   after the motions to dismiss were decided. *Id.* at 2.

6         Plaintiff then moved to amend her complaint. ECF No. 69. This Court recommended that

7   certain claims not be allowed to proceed and ordered other claims to proceed. ECF No. 81.

8   Defendants objected. ECF Nos. 82-85. The district judge assigned to the case reviewed the

9   objections, sustaining some and overruling others. ECF No. 89. Ultimately, the following claims

10  survived: (1) Plaintiff's Title VII claim against the entity defendants; (2) Plaintiff's Nevada RICO

11  claim against all Defendants; (3) Plaintiff's intentional infliction of emotional distress (IIED)

12  claim against the entity defendants and Mr. Wynn; and (4) Plaintiff's civil conspiracy claim

13  against Mr. Wynn. *Id.* at 22. The district judge also denied the motions to dismiss as moot. *Id.*

14        Once the amended complaint was filed, Defendants again moved to dismiss certain

15  claims. ECF Nos. 98, 99, 103. Mr. Wynn and Mr. Wooden each moved to dismiss all remaining

16  claims against them. ECF Nos. 98, 99. The entity defendants moved to dismiss the Nevada RICO

17  claim against them, conceding that the Title VII and IIED claims would proceed. *See* ECF No.

18  103.

19        Because there are several motions to dismiss pending, Defendants moved to continue the

20  stay of discovery. ECF Nos. 101, 106. Defendants make two general arguments regarding why

21  discovery should be stayed. First, Defendants argue that under *Kor Media Group, LLC v. Green*,

22  294 F.R.D. 579 (D. Nev. 2013) and similar cases, a discovery stay is appropriate because

23  dispositive motions are pending that are likely to succeed. *See* ECF Nos. 101, 106. Second,

24  Defendants argue that under Federal Rule of Civil Procedure 1, a continuation of the discovery

25  stay is appropriate based on the complexity and current procedural posture of this case. *See* ECF

26  Nos. 106, 132.

27        Plaintiff opposed both motions to stay discovery in a joint response brief. ECF No. 124.

28  Plaintiff also references the test laid out in *Kor Media* and argues that Defendants' motions

should be denied because the Court cannot be convinced that Plaintiff cannot state a claim. *Id.* Additionally, Plaintiff argues that discovery is related to the dispositive motions because "Plaintiff could potentially amend her complaint upon the discovery of additional facts." *Id.* at 4.[1] Finally, though Plaintiff acknowledges that in deciding a motion to stay discovery the Court is guided by Rule 1 of the Federal Rules of Civil Procedure, she does not address Defendants' arguments about the complexity of this case. *See* ECF No. 124.

## II.    Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

---

[1] The Court will not address this argument except to say that Plaintiff provides no authority for the proposition that discovery should be allowed if plaintiffs could potentially discover additional information to amend their complaints. *See* ECF No. 124 at 4. Further, the standard Plaintiff cites for staying discovery asks whether the dispositive motion can be decided without additional discovery, not whether additional discovery could lead to amendment. *See id.* at 3.

1    The Ninth Circuit has, however, identified one scenario in which a district court may stay

2    discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has

3    held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable

4    to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th

5    Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of

6    Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be

7    unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir.

8    1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is

9    convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[2]

10   The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is

11   needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d

12   378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if

13   the discovery was relevant to the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205,

14   210 (9th Cir. 1975) (same).

15   Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a

16   three-part test to determine when discovery may be stayed.[3] *See, e.g.*, *Kor Media Group, LLC v.*

17   *Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek

18   test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2)

19   the potentially dispositive motion can be decided without additional discovery, and (3) after the

20   court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is

21   "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are

22   answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test

23   is to "evaluate the propriety of an order staying or limiting discovery with the goal of

24   accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

25

26   [2] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of

27   discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019)

28   (same).
     [3] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

First, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012) (identifying same issue). Additionally, the test requires the magistrate judge to take a "preliminary peek" (i.e., a superficial look) at the dispositive motion and be *convinced* that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed (and thus should have discovery stayed) from those cases that will proceed (and thus should *not* have discovery stayed).

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery.[4] It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriately stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was relevant to the dispositive motion); *Kamm,* 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding

---

[4] This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

discovery or specifying when it will occur); *Tradebay*, 278 F.R.D. at 601 (discussing discovery stays in the context of Rule 26(c)).[5] "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will discuss in more detail below, good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

The Ninth Circuit has held that good cause to stay discovery may exist when the movant can convince the Court that plaintiff cannot state a claim. *See Wood*, 644 F.2d at 801 (district court may stay discovery when it is convinced that plaintiff will be unable to state a claim); *B.R.S. Land Invs.*, 596 F.2d at 356 (same). These cases remain valid authority, and litigants may still move for a discovery stay under the preliminary peek test. However, as previously discussed, this will only result in discovery stays in the simplest, legally baseless cases.

That said, good cause may exist based on other factors unrelated to the merits of the dispositive motion. In many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Movants are encouraged to be specific about the realistically anticipated costs of discovery (based on factors such as the complexity of the claim(s) at issue, the number of claims asserted, the number of parties involved in the litigation, the number of witnesses including experts, the volume of documents at issue, etc.). Non-movants opposing a stay of discovery should discuss their position on these same factors. Additionally, though parties opposing a motion to stay discovery carry no burden to show harm or prejudice if discovery is stayed, they are encouraged to discuss any specific reasons why a discovery stay would be harmful (e.g., the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, the claimant's resources and ability to wait for a judgment, etc.). Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine "whether it is more just to speed the parties along in discovery

---

[5] The Court notes that both parties cite *Tradebay*. *See* ECF No. 106 at 8, 9; ECF No. 124 at 3, 4.

and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

### III.    Analysis

Here, Defendants move to stay discovery based on the preliminary peek test and based on the complexity of the case. *See* ECF Nos. 101, 106. As discussed below, the Court is not convinced that Plaintiff cannot state a claim/Defendants will be successful on their motions to dismiss. However, the Court is persuaded that good cause exists to stay discovery given the complexity of the case and the current, unique procedural posture.

First, the Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary peek at Defendants' dispositive motions. Having conducted this preliminary peek, the Court is not convinced that Plaintiff will be unable to proceed with the claims Defendants seek to dismiss. (As discussed above, it is virtually impossible for the Court to be convinced that Defendants will succeed on their motions based on a preliminary peek, especially given that the district judge already found several of the claims sought to be dismissed not futile.) The Court will not, however, provide an in-depth analysis of its evaluation of the motions to dismiss.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay*, 278 F.R.D. at 603.

Second, the Court reviewed the parties' briefs and heard argument on the complexity of the matter. The Court finds that Defendants demonstrated harm or prejudice will result if discovery proceeds now, and as such, good cause exists to continue the stay of discovery. As Defendants argue, this is a complex case. ECF Nos. 106, 132. It is a putative class action with nine, broadly defined subclasses. *See* ECF No. 106 at 7; ECF No. 90 at 4. The allegations span multiple decades and implicate dozens of witnesses. *See* ECF No. 90; ECF No. 106 at 7. Likely, a large volume of documents will need to be reviewed and produced. *See* ECF No. 106 at 7.

Additionally, three dispositive motions are pending, which have the potential to simplify, or at least solidify, the parties, claims, and scope of discovery in this case. *See* ECF Nos. 98, 99, 103. If the dispositive motions are granted, the two individual defendants and the Nevada RICO claim will be dismissed (leaving only Title VII and IIED claims against the entity defendants). *See id.* As counsel argued at the October 12, 2021 hearing, beginning discovery now will likely lead to unnecessary or duplicative discovery (if claims are dismissed or discovery is bifurcated until the motions to dismiss are decided). As such, the Court finds it would be prejudicial to Defendants to proceed with discovery now.[6] Good cause exists to stay discovery pending the determination of the pending dispositive motions.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motions to stay discovery (ECF Nos. 101, 106) are GRANTED.

**IT IS FURTHER ORDERED** that the parties are to file a joint, proposed discovery plan and scheduling order within 14 days after ECF Nos. 98, 99, and 103 are decided.

DATED: October 14, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[6] While the parties did not address this issue, the Court also notes that this discovery stay is likely to be short, given when the dispositive motions were filed.