TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
BRITTNEY R. GLOVER, ESQ.
Nevada Bar No. 15412
**EGLET ADAMS**
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
Tel.:   702-450-5400
Fax:   702-450-5451
eservice@egletlaw.com
*and*
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 000505
BURKE L. HUBER, ESQ.
Nevada Bar No. 010902
**RICHARD HARRIS LAW FIRM**
801 S. 4th St.
Las Vegas, Nevada 89101
Tel.:   702-444-4444
Fax:   702-444-4455
burke@richardharrislaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENNA SCHRADER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN ALAN WYNN; an individual; MAURICE WOODEN, an individual, WYNN LAS VEGAS, LLC dba WYNN LAS VEGAS a Nevada Limited Liability, WYNN RESORTS, LTD, a Nevada Limited Liability Company; and DOES 1-20, inclusive; ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02159-JCM-BNW<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO THE COURT'S ORDER REGARDING ECF #151** |

Plaintiff Brenna Schrader ("Plaintiff"), by and through her counsel of record, Eglet Adams and Richard Harris Law Firm, Defendants Wynn Las Vegas, LLC ("WLV") and Wynn Resorts, Limited ("WRL"), by and through their counsel of record, Jackson Lewis P.C., and Defendant

Stephen Alan Wynn ("Mr. Wynn"), by and through his counsel of record, Peterson Baker, PLLC, hereby submits the following Discovery Plan and Scheduling Order Pursuant to the Court's Order Regarding ECF #151.

## I. SUMMARY OF THE CASE

This is a putative class action that arises from Plaintiff Brenna Schrader's employment with Defendant WLV as a Massage Therapist. ECF No. 90, ¶ 46. Defendant WRL is the indirect parent company of WLV. Plaintiff alleged various sexual misconduct that occurred during her employment, from approximately 2012 to 2018. ECF No. 90. Plaintiff further alleges that she was subjected to co-worker harassment in 2019 and 2020. *Id.* at ¶ 76.

### A. Procedural History.

On September 26, 2019, Plaintiff filed a putative Class Action Complaint in the Eighth Judicial District Court, Clark County, Nevada. The Summons and Complaint were served on Defendants WRL and WLV on November 25, 2019, and were attempted to be served upon Mr. Wynn on December 11, 2019.[1] ECF No. 1. The Complaint alleged six causes of action: (1) discrimination and harassment in violation of 42 U.S.C. § 2000e *et. seq*. (Title VII) and NRS 608.017 (the Nevada Equal Pay Act); (2) violations of the Trafficking Victims Protection Act (TVPA) of 2000 (18 U.S.C. § 1589); (3) violations of the Federal Racketeer and Influenced Corrupt Organizations Act (RICO) (18 U.S.C. §§ 1962(b), (c), (d)); (4) Intentional Inflictions of Emotional Distress (IIED); (5) Conspiracy; and (6) violation of the Fair Labor Standards Act (FLSA) (29 U.S.C. § 206). Defendants removed this case to this Court on December 16, 2019. *Id.*

On March 6, 2020, Defendants filed numerous motions regarding Plaintiff's Complaint and addressing potential discovery in this matter. WLV and WRL moved to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6). ECF Nos. 35 (WLV's Motion to Dismiss), 36 (WRL's

---

[1] Mr. Wynn disputed service of process because the process server did not comply with Nevada law and did not leave a copy of the summons and complaint with a person who resided at Mr. Wynn's usual place of abode at the time. Mr. Wynn did not waive any issues regarding defective and/or insufficient service of process. ECF No. 11. However, Mr. Wynn's counsel offered to accept service of the Summons and Complaint. *Id.* Subsequently, the parties agreed to a date certain for Mr. Wynn's answer or other response to the Complaint. ECF No. 11.

2

1  Motion to Dismiss), 37 (WRL's Joinder to WLV's MTD). WLV and WRL moved to stay discovery
2  pending resolution of their motions to dismiss. ECF No. 38. Mr. Wynn separately moved to dismiss
3  Plaintiff's Complaint and filed a joinder to WLV and WRL's Motions to Dismiss. ECF No. 39.
4  Defendant Wooden filed a Motion for More Definite Statement, and alternatively joined in the
5  Motions to Dismiss filed by WLV, WRL, and Mr. Wynn. ECF No. 33. On March 9, 2020,
6  Defendant Wooden joined WLV and WRL's Motion to Stay Discovery. ECF No. 40. On March
7  10, 2020, Mr. Wynn also joined WLV and WRL's Motion to Stay Discovery. ECF No. 42.

    Plaintiff filed her oppositions to Defendants' Motions on May 8, 2020. ECF No. 54 (Opp.
to WLV's MTD) and 55 (Opp. to WRL's MTD). On May 11, 2020, the Court granted WLV and
WRL's Motion to Stay Discovery following Plaintiff's non-opposition (ECF No. 56), directing the
parties to file a joint proposed discovery plan and scheduling order within 14 days after the motion
to dismiss was decided. ECF No. 57.

    Defendants filed their respective Replies on June 19, 2020. ECF Nos. 63 (WLV's Reply);
ECF No. 64 (WRL's Reply); ECF No. 66 (Defendant Wooden's Reply); and ECF No. 67 (Mr.
Wynn's Reply).

    On July 27, 2020, in response to Defendants' then-pending motions to dismiss, Plaintiff
moved for leave to file a First Amended Complaint ("FAC") consisting of 234 paragraphs spanning
42 pages, plus 253 pages of exhibits attached. ECF No. 69. The FAC included claims for: (1)
discrimination and harassment in violation of 42 U.S.C. § 2000e *et. seq*. (Title VII); (2) violations
of the TVPA (18 U.S.C. § 1589); (3) violations of Federal RICO (18 U.S.C. §§ 1962(c); (4)
violations of Federal RICO (18 U.S.C. §§ 1962(b); (5) violations of Federal RICO (18 U.S.C. §§
1962(d); (6) violation of Nevada RICO (NRS § 207.400); (7) IIED; (8) Conspiracy; and (9)
violation of the Fair Labor Standards Act (FLSA) (29 U.S.C. § 206) and NRS 608, et seq.). After
full briefing on the matter, the Magistrate Judge issued a Report and Recommendation on
December 9, 2020 granting Plaintiff's motion except as to any claims under Nevada RICO
predicated on sex trafficking. ECF No. 81.

    On December 23, 2020, Defendants filed objections to the Report and Recommendation.

ECF Nos. 82 (Defendant Wooden's Objection), 83 (Mr. Wynn's Objection), and 84 (WLV and WRL's Objection). On February 17, 2021, the Court issued an order resolving the objections and dismissing all of Plaintiff's claims except Title VII (against WLV and WRL), Nevada RICO (against all defendants), IIED (against WLV, WRL, and Mr. Wynn), and Civil Conspiracy (against Mr. Wynn). With respect to Plaintiff's Nevada RICO claim, the Court denied Plaintiff's motion to amend "to the extent she attempts to plead the predicate act of facilitating sex trafficking." ECF No. 89, 16:3-6.

On February 17, 2021, Plaintiff filed her First Amended Complaint, raising the causes of action set forth above on a class basis. Plaintiff defined a putative class consisting of nine subclasses (discussed further below). On March 31, 2021, Defendant Wooden filed his Motion to Dismiss Plaintiff's Nevada RICO claim (the sole remaining cause of action alleged against Defendant Wooden). ECF No. 98. Also, on March 31, 2021, Mr. Wynn filed his Motion to Dismiss Plaintiff's claims for Nevada RICO, IIED, and civil conspiracy (the sole remaining causes of action alleged against Mr. Wynn). ECF No. 99. On April 7, 2021, Mr. Wynn moved to continue the stay of discovery based, in part, on the fact that it would be inefficient to proceed to discovery on Plaintiff's time-barred claims, which Defendant Wooden joined. ECF Nos. 101 and 102. On April 7, 2021, WLV and WRL filed their Motion to Dismiss Plaintiff's Nevada RICO Claim in Plaintiff's First Amended Complaint. ECF No. 103. Defendants WLV and WRL also filed Answers to Plaintiff's First Amended Complaint. ECF Nos. 104 (WRL) and 105 (WRL).

### B. Current Status of the Case

On March 31, 2022, the Court issued an order granting in part, and denying in part, Defendants' respective Motions to Dismiss Plaintiff's First Amended Complaint. ECF No. 140. Specifically, the Court dismissed Plaintiff's claims under NRS 207.400 (Nevada RICO) as to all Defendants. *Id.*, at 7:15-22. As to Mr. Wynn's Motion to Dismiss Plaintiff's IIED claim, the Court held that Plaintiff's "time-barred allegations based on conduct from 2012 and 2015, and her allegations against [Mr.] Wynn through a third-party VIP guest are dismissed with prejudice. Schrader's IIED claim against [Mr.] Wynn based on her allegations of conduct that occurred

4

between 2017 and 2018 remains." *Id.*, at 9:12-17. Plaintiff's claims against Defendant Wooden were dismissed in their entirety and as a result, Defendant Wooden is no longer a party in this case. *Id.*, at 10:7-10.

Based on the foregoing, two claims remain against Defendants WLV and WRL—(1) Discrimination and Hostile Work Environment on the basis of sex in violation of Title VII, and (2) Intentional Infliction of Emotional Distress. *Id.*, at 10:10-13. The claims remaining against Mr. Wynn are (i) Civil Conspiracy, and (ii) Intentional Infliction of Emotional Distress. *Id.*, at 10:14-18.

In addition, the following putative proposed Title VII class and subclasses remain at issue:

> a. All current and former female employees of WLV and WR, who were and are subjected to severe and pervasive sexual discrimination while working for WLV and WR;
>
> b. All current and former female employees of WLV and WR, who were and are subjected to a sexually hostile work environment as a result of their failure to prevent discrimination based upon sex (female);
>
> c. All current and former female employees of WLV and WR, who were and are denied the same and similar conditions and terms of employment as male employees as a result of their sexual and gender discrimination.
>
> d. All current and former female employees of WLV and WR, who were and are denied the same and similar conditions and terms of employment as male employees as a result of their sexual and gender discrimination.
>
> …

ECF No. 90, ¶ 8.

C. **This Court's Order Regarding Bifurcated Discovery Pursuant to ECF No. 151**

On May 20, 2022, the parties submitted their [Proposed] Joint Discovery Plan and Scheduling Order. ECF No. 151. As the parties had different positions regarding whether bifurcation of discovery was necessary, the parties requested a scheduling conference with the Court in accordance with FRCP 16. *Id.* at 5:12-17. On May 25, 2022, the Court scheduled a hearing regarding the parties' [Proposed] Joint Discovery Plan and Scheduling Order for June 10, 2022 at 12:00 p.m. ECF No. 152. On June 6, 2022, based on the parties' position regarding phased discovery, the Court ordered the parties to submit additional arguments no later than June 15, 2022

by 5:00 p.m. ECF No. 153. The Court further rescheduled the hearing regarding this matter to June 21, 2022 at 1:00 p.m. *Id.* On June 9, 2022, at the request of counsel for Mr. Wynn, the parties submitted a Stipulation to Continue Hearing Date and Extend Briefing Deadline Regarding [Proposed] Joint Discovery Plan and Scheduling Order. ECF No. 154. On June 10, 2022, the Court granted the parties' Stipulation. ECF No. 155. Accordingly, the deadline to submit supplemental briefing regarding the Discovery Plan and Scheduling Order was extended until June 29, 2022 and the hearing date was rescheduled to July 12, 2022 at 10:00 a.m. *Id.* On July 12, 2022, the Court heard oral argument from the respective parties regarding whether bifurcated discovery was necessary and took the matter under submission. ECF No. 159. On July 14, 2022, the Court set a hearing for July 15, 2022 at 10:00 a.m. to issue an oral ruling regarding this matter. ECF No. 160. On July 15, 2022, the Court issued its oral ruling regarding the parties' [Proposed] Joint Discovery Plan and Scheduling Order.

The Court ruled that in exercising the Court's broad discretion to control discovery, the Court is guided by FRCP Rule 1 to ensure a just, speedy, and inexpensive determination of each action. The Court found that a middle ground between the parties' two positions best achieves the goals of Rule 1.

The Court ordered that discovery should be bifurcated into two phases. The first phase ("Phase 1") will include discovery into the merits of Plaintiff's claims and discovery relevant to class certification. If a class is certified, the second phase ("Phase 2") will include all remaining discovery. As there will be some overlap between discovery that is relevant to class certification and the merits of putative class members claims, during Phase 1, the parties will be allowed to obtain discovery related to the merits of putative class members, so long as it is also relevant to class certification. If discovery is only related to the merits of a putative class member's claim, the Court will not allow it.

Should a dispute arise regarding whether discovery is permitted in Phase 1, the parties must meet and confer in good faith. The Court is available for informal discovery conferences on issues that may arise. To request an informal conference, the party objecting to the discovery request

shall email Chambers a brief, not to exceed 5 pages, explaining the dispute and the party's positions. The party requesting discovery shall have 3 days to file a response, not to exceed 5 pages. The Court will then convene an informal discovery conference to conserve resources and give the parties an understanding of how the Court may rule on the record in the event of full briefing regarding the dispute. The parties may choose, not to engage in an informal discovery process and may file their motions as deemed necessary.

On July 15, 2022, the Court issued its Minutes of Proceedings summarizing the oral ruling regarding the parties' [Proposed] Joint Discovery Plan and Scheduling Order. ECF No. 161. The transcript of the hearing on the parties' [Proposed] Joint Discovery Plan and Scheduling Order serves as the written order of the ruling. ECF No. 162.

## II.  DISCOVERY PLAN

A. **Fed. R. Civ. P. 26(f) Scheduling Conference:** The Parties held their initial scheduling conference pursuant to Fed. R. Civ. P. 26(f) on May 10, 2022 and a follow up conference on May 16, 2022. Based upon the Court's oral ruling regarding the parties' [Proposed] Joint Discovery Plan and Scheduling Order, the parties submit the following Discovery Plan and Scheduling Order Pursuant to the Court's Order Regarding ECF #151:

B. **Schedule for Completing Phase 1 Discovery - Plaintiff-Merits and Class Certification-Related Discovery:[2]**

 1. **Initial Disclosures:** The initial disclosures to be made pursuant to Fed. R. Civ. P. 26(a)(1), which are relevant to Plaintiff-Merits and Class Certification-Related Discovery, shall be made by **June 3, 2022**.

 2. **Discovery Cut-Off Date:** The last day of discovery for Phase 1 discovery shall be **November 14, 2022** which is 182 days after the date of the Parties 26(f) conference because the 180th day falls on Saturday, November 12, 2022, a non-judicial day.

---

[2] At the July 15, 2022 oral ruling hearing, this Court advised that the parties may seek to amend these deadlines by stipulation and/or motion as needed.

7

3. **Amending the Pleadings and Adding Parties:** The Parties shall have until **August 16, 2022**, which is not later than ninety (90) days before the Phase 1 discovery deadline, to file any motions to amend the pleadings or to add parties.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Initial expert disclosures are due **September 15, 2022**, which is not later than sixty (60) days before the discovery cut-off date. Rebuttal expert disclosures are due on **October 17, 2022**, which is more than 30 days after the initial disclosure of experts because the thirtieth day falls on Saturday, October 15, 2022, a non-judicial day.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **December 14, 2022,** which is thirty (30) days after the Phase 1 discovery deadline. To the extent the parties need additional time to respond or reply to a dispositive motion, the parties must submit a stipulation or motion to the Court.

6. **Rule 23 Class Certification Deadline:** The last day for Plaintiff to file a motion for class certification under FRCP 23 is **February 17, 2023**. To the extent the parties need additional time to respond or reply to the class certification motion, the parties must submit a stipulation or motion to the Court.

C. **Schedule for Completing Phase 2 Discovery – Class Member Merits-Related Discovery:**

Phase 2 of discovery shall be stayed pending a ruling on Plaintiff's Motion for Class Certification. If a class is certified, within fourteen (14) days of the Court's decision certifying a class, the parties shall file a Joint Proposed Discovery Plan and Scheduling Order as to any remaining discovery including deadlines for the same. If no class is certified, but any of the Plaintiff's individual claims remain following the resolution of dispositive motions, the parties

must file a Joint Proposed Pre-trial Order within thirty (30) days of (1) the Court's ruling allowing Plaintiff's individual claims to proceed; or (2) the Court's decision not to certify class, whichever ruling is later.

D. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the parties' pretrial order.

E. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

F. **Limitations on Discovery:** The Parties agree that discovery should be limited by the statute of limitations/repose period applicable to the claims. Specifically, Plaintiff's Title VII claim is limited to events occurring on or after August 30, 2018, which is 300 days prior to her intake with the U.S. Equal Employment Opportunity Commission (*AMTRAK v. Morgan*, 536 U.S. 101, 105 (2002)); Plaintiff's IIED claim is limited to events occurring on or after September 26, 2017 which is two years prior to the filing of Plaintiff's Complaint on September 26, 2019 (NRS 11.190(4)(e)); and Plaintiff's claim for civil conspiracy is limited to events occurring on or after September 26, 2015 which is four years prior to the filing of Plaintiff's Complaint (*Siragusa v. Brown*, 114 Nev. 1384, 1391-92, 971 P.2d 801, 806 (1998)).

G. **Electronic Filing:** The attorneys of record in this matter are registered for electronic filing with this Court and as such, consent to electronic service of any document required to be served pursuant to Fed. R. Civ. P. 5. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

H. **Electronically Stored Information:** At this time, the parties do not anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right

to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

    I.   **Electronic Evidence at Trial**: In compliance with Local Rule 26-1(b)(9), the parties certify they have discussed presenting evidence in an electronic format to jurors for the purposes of jury deliberations.

    J.   **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

    K.   **Protective Orders for Confidential Documents and/or Information**. The parties have discussed the need for a protective order for confidential documents and/or information and anticipate that a stipulated protective order will be necessary given the nature of Plaintiff's allegations. The parties will work together to agree on the terms of a stipulated protective order.

In the event the parties cannot come to an agreement, they will engage in the meet and confer process before bringing the matter before the Court.

L. **Alternative Dispute Resolution:** In compliance with LR 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

M. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and LR 26-1(b)(8), the parties have considered consenting to trial by the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

DATED this 2nd day of September, 2022.

| RICHARD HARRIS LAW FIRM | JACKSON LEWIS P.C. |
|---|---|
| /s/ Burke Huber, Esq.<br>Richard Harris, Bar No. 505<br>Burke Huber, Bar No. 10902<br>801 S. Fourth Street<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Plaintiff*<br>*Brenna Schrader* | /s/ Joshua A. Sliker, Esq.<br>Deverie J. Christensen, Bar No. 6596<br>Joshua A. Sliker, Bar No. 12493<br>300 S. Fourth Street, Ste. 900<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Defendants*<br>*Wynn Las Vegas, LLC and Wynn Resorts, Ltd.* |
| EGLET ADAMS | PETERSON BAKER, PLLC |
| /s/Brittney Glover, Esq.<br>Tracy A. Eglet, Bar No. 6419<br>Brittney Glover, Bar No. 15412<br>400 S. 7th Street, Ste. 400<br>Las Vegas, NV 89101<br><br>*Attorneys for Plaintiff*<br>*Brenna Schrader* | /s/ Tamara Peterson, Esq.<br>Tamara Beatty Peterson, Bar No. 5218<br>Nikki Baker, Bar No. 6562<br>701 S. 7th Street<br>Las Vegas, Nevada 89101<br><br>*Attorney for Defendant*<br>*Stephen Alan Wynn* |

**ORDER**

**IT IS SO ORDERED**

**DATED:** 12:29 pm, September 13, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# Bianca Marx

| | |
|---|---|
| **From:** | Tammy Peterson <tpeterson@petersonbaker.com> |
| **Sent:** | Thursday, August 25, 2022 11:22 AM |
| **To:** | Brittney Glover; Sliker, Joshua A. (Las Vegas); Christensen, Deverie J. (Las Vegas) |
| **Cc:** | Burke Huber; Danielle Miller; Bianca Marx; Nikki Baker; Williams, Hilary A. (Las Vegas); Chandler, Kelley (Las Vegas); Burke Huber |
| **Subject:** | RE: Schrader v. Wynn, et. al. - Computation of Damages |

Brittney

Yes, confirmed.

But I did want to flag one issue: you have Burke listed at the Richard Harris law firm. Is that still his current firm? I thought he moved to the Van Law firm. The State bar lists his address as 1290 S. Jones. I'm copying his other email address on this email. Is Burke still representing plaintiff?

Also, is the Richard Harris law firm still representing plaintiff?

Regards
Tammy

**Tamara Beatty Peterson, Esq.**
Peterson Baker, PLLC
702.786.1001

---

**From:** Brittney Glover <bglover@egletlaw.com>
**Sent:** Tuesday, August 23, 2022 11:53 AM
**To:** Tammy Peterson <tpeterson@petersonbaker.com>; Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@Jacksonlewis.com>; Christensen, Deverie J. (Las Vegas) <deverie.christensen@jacksonlewis.com>
**Cc:** Burke Huber <burke@richardharrislaw.com>; Danielle Miller <dmiller@egletlaw.com>; Bianca Marx <bmarx@egletlaw.com>; Nikki Baker <nbaker@petersonbaker.com>; Williams, Hilary A. (Las Vegas) <Hilary.Williams@Jacksonlewis.com>; Chandler, Kelley (Las Vegas) <Kelley.Chandler@jacksonlewis.com>
**Subject:** RE: Schrader v. Wynn, et. al. - Computation of Damages

Perfect. Attached is the final version with Defendants' edits incorporated. Please confirm that we have permission to affix your e-signature. Thanks.

1

# Bianca Marx

| | |
|---|---|
| **From:** | Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@Jacksonlewis.com> |
| **Sent:** | Friday, September 2, 2022 1:27 PM |
| **To:** | Tammy Peterson; Brittney Glover; Christensen, Deverie J. (Las Vegas) |
| **Cc:** | Burke Huber; Danielle Miller; Bianca Marx; Nikki Baker; Williams, Hilary A. (Las Vegas); Chandler, Kelley (Las Vegas); Burke Huber |
| **Subject:** | RE: Schrader v. Wynn, et. al. - Computation of Damages |

Brittney,

You have permission to affix my signature to the revised DPSO and the stipulation to extend.

Thanks.



**Joshua A. Sliker** (He/Him)
Attorney at Law

**Jackson Lewis P.C.**
300 S. Fourth Street
Suite 900
Las Vegas, NV 89101
Direct: (702) 921-2486 | Main: (702) 921-2460
Joshua.Sliker@Jacksonlewis.com | www.jacksonlewis.com

---

**From:** Tammy Peterson <tpeterson@petersonbaker.com>
**Sent:** Tuesday, August 30, 2022 12:29 PM
**To:** Brittney Glover <bglover@egletlaw.com>; Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@Jacksonlewis.com>; Christensen, Deverie J. (Las Vegas) <deverie.christensen@jacksonlewis.com>
**Cc:** Burke Huber <burke@richardharrislaw.com>; Danielle Miller <dmiller@egletlaw.com>; Bianca Marx <bmarx@egletlaw.com>; Nikki Baker <nbaker@petersonbaker.com>; Williams, Hilary A. (Las Vegas) <Hilary.Williams@Jacksonlewis.com>; Chandler, Kelley (Las Vegas) <Kelley.Chandler@jacksonlewis.com>; Burke Huber <burke@vanlawfirm.com>
**Subject:** RE: Schrader v. Wynn, et. al. - Computation of Damages

[EXTERNAL SENDER]

Brittney

Please see my comments and additional edits attached. If you make any further changes, could you please do that in an overlay to this Word version so that it's easier to see your changes? Thanks.

Regards
Tammy

**Tamara Beatty Peterson, Esq.**
Peterson Baker, PLLC
702.786.1001

1