1  DEVERIE J. CHRISTENSEN, ESQ.
   Nevada Bar No. 6596
2  JOSHUA A. SLIKER, ESQ.
   Nevada Bar No. 12493
3  **JACKSON LEWIS P.C.**
   300 S. Fourth Street, Suite 900
4  Las Vegas, Nevada 89101
   Telephone: (702) 921-2460
5  Facsimile: (702) 921-2461
   E-Mail: deverie.christensen@jacksonlewis.com
6  E-Mail: joshua.sliker@jacksonlewis.com
7
   *Attorneys for Defendants*
8  *Wynn Las Vegas, LLC and Wynn Resorts, Ltd.*

9                  **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  BRENNA SCHRADER, an individual, on          Case No. 2:19-cv-02159-JCM-BNW
    behalf of herself and all others similarly
12  situated,
                                                **STIPULATION TO STAY DISCOVERY
13                 Plaintiff,                    PENDING PRIVATE MEDIATION**

14        vs.                                   **(First Request)**

15  STEPHEN ALAN WYNN; an individual;
    MAURICE WOODEN, an individual, WYNN
16  LAS VEGAS, LLC dba WYNN LAS VEGAS
    a Nevada Limited Liability, WYNN
17  RESORTS, LTD, a Nevada Limited Liability
    Company; and DOES 1-20, inclusive; ROE
18  CORPORATIONS 1-20, inclusive,

19                 Defendants.

20         IT IS HEREBY STIPULATED by and between Plaintiff Brenna Schrader ("Plaintiff"),

21  through her counsel Richard Harris Law Firm and Eglet Adams, Defendants Wynn Las Vegas, LLC

22  ("WLV") and Wynn Resorts, Ltd. ("WRL"), through their counsel Jackson Lewis P.C., and

23  Defendant Stephen Alan Wynn ("Mr. Wynn"), through his counsel Peterson Baker, PLLC and

24  Pisanelli Bice, PLLC, that discovery be stayed as of Friday, November 18, 2022, for 60 days,

25  through January 17, 2023, while the Parties engage in private mediation in an effort to resolve this

26  case.

27         1.     This case was originally referred for an Early Neutral Evaluation (ENE) Conference

28  in 2019.   See ECF 6.   The parties subsequently stipulated to vacate the ENE because "the

preliminary stage of the proceedings" was "a significant hurdle to meaningful participation in the ENE,",but that if the case would proceed after decision of Defendants' respective motions to dismiss, the parties could submit an appropriate stipulation if an ENE could assist resolution of the case.  See ECF 27.  The Court approved the stipulation by order.  See ECF 27.

2.      Ultimately, the motions to dismiss were resolved, and the parties submitted a proposed discovery plan and scheduling order on May 20, 2022, noting that "the parties will continue to evaluate opportunities for alternative dispute resolution".

3.      On July 15, 2022, the Court issued an oral ruling setting initial discovery deadlines for this matter. ECF Nos. 161, 162.

4.      On September 7, 2022, the Court granted the parties' first request to extend discovery deadlines by 90 days.  ECF No. 165.

5.      The parties have been diligently working on written discovery. WRL and WLV responded to Plaintiff's First Set of Interrogatories and First Set of Requests for Production on October 21, 2022. Plaintiff responded to WRL and WLV's written discovery requests including their First Set of Requests for Admission on October 19, 2022 and their First Set of Interrogatories and First Set of Requests for Production on October 31, 2022. Plaintiff also responded to Mr. Wynn's First Set of Requests for Production on November 8, 2022.  Further, WRL and WLV served a notice of their intent to serve subpoenas for production of documents on six entities on November 15, 2022.

6.      Plaintiff noticed the deposition of Maurice Wooden to take place on November 16, 2022, which date was rescheduled to December 7, 2022, due to a witness conflict.  Plaintiff has also requested other defense witness depositions, including a current Human Resources employee and a former member of the Wynn Spa management, whose depositions the parties have been working to coordinate among multiple parties, attorneys, and calendar conflicts.

7.      WRL, WLV and Mr. Wynn noticed Plaintiff's deposition to be taken on November 2, 2022, which deposition was rescheduled to November 18, 2022, while the parties engaged in meaningful settlement discussions leading up to this stipulation requesting a stay of discovery pending completion of mediation in the next 60 days.

8.      The parties have agreed to engage in private mediation and are presently attempting to secure a date in December 2022 with a local private mediator.  The parties desire to complete private mediation prior to spending additional time and fees to conduct depositions, as well as expert witnesses and substantial briefing regarding potential class certification.  Given current scheduling order deadlines, it will be necessary for the parties to simultaneously proceed with depositions, expert discovery, and more while mediating, which will cause the parties to incur substantial additional fees and costs that may be wholly unnecessary if the parties reach a resolution at mediation.

9.      Accordingly, the parties have agreed and request the Court enter a 60-day stay on discovery while the parties' complete private mediation.  At the conclusion of the 60 days, the parties propose providing the Court a joint status report informing the Court whether a resolution was reached at mediation.  If a resolution is not reached, the parties will also submit a proposed amended discovery plan with new dates for the Court's consideration.

10.     Discovery shall be stayed for 60 days, through and including January 17, 2023.

11.     By January 17, 2023, the parties will submit a joint status report, and, in the event the matter has not settled, a proposed amended discovery plan.

12.     This Stipulation is made in good faith and not for the purpose of delay.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1         13.     This is the first request for a stay of discovery pending mediation.

2         Dated this 17th day of November, 2022.

3    EGLET ADAMS                            JACKSON LEWIS P.C.

4    */s/ Danielle C. Miller*                 */s/ Deverie J. Christensen*

5    Tracy A. Eglet, Bar No. 6419        Deverie J. Christensen, Bar No. 6596
     Danielle C. Miller, Bar No. 9127      Joshua A. Sliker, Bar No. 12493

6    Brittney Glover, Bar No. 15412      300 S. Fourth Street, Ste. 900
     400 S. 7th Street, Ste. 400          Las Vegas, Nevada 89101

7    Las Vegas, NV 89101

8    RICHARD HARRIS LAW FIRM    *Attorneys for Defendants*
                                                       *Wynn Las Vegas, LLC and Wynn Resorts,*

9    Burke Huber, Bar No. 10902      *Ltd.*
     801 S. Fourth Street

10   Las Vegas, Nevada 89101

11   *Attorney for Plaintiff*
     *Brenna Schrader*

12

13   PETERSON BAKER, PLLC

14   */s/ Todd L. Bice*
     Tamara Beatty Peterson, Bar No. 5218

15   Nikki Baker, Bar No. 6562
     701 S. 7th Street

16   Las Vegas, Nevada 89101

17
     Todd L. Bice, Bar No. 4534

18   Pisanelli Bice, PLLC
     400 S. 7th Street, Suite 300

19   Las Vegas, NV 89101

20
     *Attorney for Defendant*

21   *Stephen Alan Wynn*

22                               **ORDER**

23                            IT IS SO ORDERED:

24

25

26                            United States Magistrate Judge

27                            Dated: November 18, 2022

28